STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM

_ 0 5   9 1 5

Mr. Omar O. Morris
36 Appleby Road
New Castle, DE 19720

State Case No: 05050195W



FILED
DEC 2 9 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

vs.

Amazon.com
One Centerpoint Blvd.
New Castle, DE 19720

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*Administrative Dismissal with Corresponding Right to Sue Notice.*

   In this case, the Department has determined that there is no further benefit which can be provided to the parties under the administrative process. The Department hereby issues this Administrative Dismissal to signal the end of the administrative process without a specific finding. This Administrative Dismissal also provides the Charging Party with a Delaware Right to Sue Notice.

   This administrative dismissal is based upon 19 Del. C. § 712 (c) (5) which states: "End of administrative process. In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process. Once the Department has issued its preliminary findings pursuant to subsection (2), the Department, in its discretion, may grant a Delaware Right to Sue Notice to a Charging Party."

   See the attached Notice of Rights.

   This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program. You may have additional rights under federal laws.

9/30/05
Date issued

Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12A : 05/05

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

**§ 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.**

(a) A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b) The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c) The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1. If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2. If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3. Requests to the EEOC should be sent to:

   Equal Employment Opportunity Commission
   The Bourse, Suite 400
   21 S. Fifth Street
   Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-13 : 05/04

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**Delaware Department of Labor**

| ENTER CHARGE NUMBER | |
|---|---|
| ☐ FEPA | 050501950 |
| ☐ EEOC | 17CA500350 |

and **EEOC** (if applicable)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Omar O. Morris | (302) 328-7868 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 36 Appleby Road | New Castle DE 19720 | NCC |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| Amazon.com | 50+ | (302) 395-7984 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| One Centerpoint Blvd. | New Castle, DE 19720 |

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ AGE
☐ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 2/4/2005
LATEST 2/4/2005
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party sought employment with Respondent as a Picking Clerk on 2/5/05 after previously being a contract worker since 12/6/04.

Charging Party's protected class: Race (black)

Adverse employment action: Terms and Conditions, Hiring (Denied employment after job offer)

Brief statement of allegations: Charging Party alleges that after seeking employment with Respondent, he was hired on 2/5/05. Consequently, Respondent informed him on 2/4/05 via phone message that there were problems with his background check. As a result, Charging Party provided Ellen Kuntzman, HR Representative all necessary documentation proving his clear background check, however Respondent decided to discharge him anyway, Charging Party believes for no other reason but his race.

Respondent's explanation: Charging Party states that after a promise of hire was made by Respondent, he was instructed to go to his former employer (Integrity staffing) to find out about his job status. Consequently, Integrity informed Charging Party that Respondent was discharging him because of his background check. In addition, Charging Party states that Integrity told him that as long as he provided proof of clearance on background check, he would be rehired.

Applicable law(s): Title VII of the Civil Rights Act of 1964, as amended and the DE Discrimination in Employment Act.

Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party claims that during his tenure he worked with white co-workers who had legal issues but were retained by Respondent without discipline while Charging Party worked without performance issues and proof that he did not have legal issues.

Additional information and verification of these facts are provided by the attached Verification.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

FILED
DEC 29 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

SIGNATURE OF COMPLAINANT
*[signature]* 5/10/05

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

DDOL FORM B-05
REV 01-05

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2847

EEOC Charge No.: __17CA500350__          Date: __5·18·05__

Your charge of employment discrimination as filed with the Labor Law Enforcement Section of the Delaware Dept. of Labor (DDOL) will also be forwarded to the Philadelphia District Office of the U.S. Equal Employment Opportunity Commission (EEOC) for dual filing. This dual-filing is done in order to preserve your federal rights as explained below. The EEOC charge number will be assigned by the DDOL in addition to DDOL's own charge number. This letter, which will be sent to you by the DDOL, constitutes your notification of the dual-filing with EEOC. The Respondent named in your charge will also be notified by DDOL of the dual-filing with EEOC.

The EEOC will refrain from any processing of your charge until such time as the DDOL completes its processing and issues final findings and orders. At that time, the DDOL will notify the EEOC of the closure so that EEOC can review the DDOL finding. Those final findings and orders may be adopted by EEOC and the EEOC case would then be closed based on the DDOL proceedings.

However, under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within 15 days of your receipt of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

To request the Substantial Weight Review, you should address your request to the address shown in the letterhead above, to the attention of the State and Local Unit. In addition, you should provide as much specific detail as possible as to why you are dissatisfied with the DDOL investigation or finding.

While your charge is being investigated by the DDOL, you should address any concerns or additional information concerning your charge or the DDOL investigation directly to the DDOL. This will ensure that such concerns or information are provided to the appropriate person(s). **Please do not contact EEOC directly as EEOC will not be able to assist you while the charge is being processed by DDOL. Also, please do not submit documents or evidence to EEOC since DDOL will be actively investigating the charge and will maintain the active case file.**

The dual-filing of the charge with EEOC will preserve your rights to file a private lawsuit in federal district court as follows:

a. If your charge is filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII) (that is, based on race, sex, color, religion or national origin) or under the Americans with Disabilities Act of 1990, as amended (ADA) (that is, based upon mental or physical disability), you can only file a lawsuit in Federal Court if EEOC first issues you a Notice of Right to Sue. To obtain such a Notice, you must wait for 240 days from the date you filed your charge with DDOL. You must thereafter make a written request for issuance of the Notice of Right to Sue. This request can be sent directly

to EEOC at the address shown in the letterhead above or you can send the request to the DDOL for forwarding to EEOC. Upon its receipt, EEOC will issue you the Notice of Right to Sue and you would have 90 days in which to file suit. The issuance of the Notice of Right to Sue will normally result in EEOC terminating all further processing.

b. If your charge is filed under the Age Discrimination in Employment Act of 1967 as amended (ADEA), (that is, based on age 40 or older), you do not have to request a Notice of Right to Sue from EEOC if you wish to file a lawsuit in Federal Court. Instead, you must wait at least 60 days from the date you filed your charge with the DDOL, regardless of the status of the DDOL or EEOC processing. Thereafter, you can file a private lawsuit directly in Federal Court without first contacting EEOC in any manner.

If based upon EEOC's review of DDOL's final finding, the EEOC determines that the finding should be accepted as the basis for EEOC's closure, you will be so notified in writing. If the DDOL closure is for any reason other than a successful settlement or a withdrawal, the EEOC closure will also include a Notice of Right to Sue. This applies to charges filed under Title VII, the ADA and/or the ADEA. In such an event, you would then have 90 days from the date of your receipt of the Notice of Right to Sue to file suit in federal district court.

EEOC's regulations require that you notify EEOC of any change in address and keep us informed of any prolonged absence from your current address. However, if the DDOL is still processing your charge, you should forward any such notification or change of address directly to the DDOL. You should also cooperate fully with the DDOL in its processing of your charge.

Should you contact EEOC to request a Substantial Weight Review or to request a Notice of Right to Sue, please include the EEOC Charge Number shown at the top of page 1 in your correspondence to EEOC.

Sincerely,

Marie M. Tomasso
District Director